859 F.2d 921
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary K. BARROW, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 87-6032.
 United States Court of Appeals, Sixth Circuit.
 Oct. 4, 1988.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Circuit Judges, and CARL B. RUBIN, Chief District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Mary K. Barrow, appeals the order of the district court granting summary judgment in favor of the Secretary of Health and Human Services ("Secretary") denying her application for disability insurance benefits under Title II of the Social Security Act ("the Act").
 
 
 2
 Barrow, age 59, worked as a nurse's aide until 1973. She has not worked since 1973. The record shows that she initially filed for disability benefits and supplemental security income ("SSI") on April 25, 1984. In her application, Barrow alleged that she became disabled on April 1, 1983 as a result of arthritis of the spine, ulcers located in her stomach and colon, and other disorders. The Secretary denied her claim and motion for reconsideration. On February 14, 1985, the Administrative Law Judge ("ALJ") found Barrow had the residual functional capacity to perform medium work as defined under 20 CFR 416.967 and therefore was not eligible for SSI benefits. The Appeals Council declined to review the ALJ's decision.
 
 
 3
 Barrow then filed a complaint in the United States district court seeking review of the ALJ's decision. The matter was referred to a magistrate. The parties submitted cross-motions for summary judgment and, on February 5, 1987, the magistrate recommended that summary judgment be granted for the Secretary. The district judge adopted the magistrate's recommendation, finding that the Secretary's determination was supported by substantial evidence and should be affirmed. Barrow filed a timely appeal.
 
 I.
 
 4
 Barrow was hospitalized from April 11, 1984 through April 17, 1984, for an acute onset of epigastric pain associated with severe nausea. Tests revealed Barrow had a "full range of motion with no major pathology." J.App. at 89. Also, tests showed a normal upper gastrointestine with no evidence of a gastric ulcer. J.App. at 90. After complaining of back pain on April 16, Barrow was given an injection of a drug that had already been prescribed for pain upon admittance. After Barrow was discharged, physical therapy and injections were discontinued.
 
 
 5
 The other post-April 1, 1983 medical evidence consists of doctor's notes that span from September 20, 1983 through October 29, 1984. Those notes indicate that Barrow had low back pain syndrome and weight bearing arthritis. The notes also indicate that Barrow suffered grating beneath the patella upon manipulation of the leg. Also reported, however, is the clinical judgment that Barrow was obese, not following her diet, and that there was no joint or bone deformities or swelling. J.App. at 102-103.
 
 
 6
 Some other medical evidence is available for the period from 1981 through 1983. On April 28, 1981, Dr. B.C. Stufflebam reported that an x-ray examination of Barrows revealed "mild cardiomegaly" and "otherwise normal chest." J.App. at 76. On June 25, 1981, Dr. Stufflebaum reported that, an x-ray examination of Barrow revealed "mild cardiomegaly," "mild and lower thoracic spindylolesthesis" with some "degenerative disc changes at T11-12." J.App. at 75.
 
 
 7
 On February 1, 1983, Dr. W. Pierce examined Barrow and concluded that she had mild diabetes mellitus, spinal arthritis, a gastric ulcer, obesity and possible Cushing's disease. Dr. Pierce recommended that Barrow lose weight to improve her stamina and, general health, and to reduce back pain. Further, Dr. Pierce stated that her prognosis for returning to work was fair and limited her to lifting twenty pounds occasionally and ten pounds frequently. She was referred to the Trover Clinic for a clinical investigation of possible Cushing's disease and obesity treatment.
 
 
 8
 On March 5, 1983, Dr. R. Hines, of the Trover Clinic ruled out Cushing's disease. His report stated that he "had not noticed any definite muscle weakness" and the examination revealed an obese female with "diet-controlled diabetes mellitus." J.App. at 80-81.
 
 II.
 
 9
 Claimants seeking disability benefits under the Act must establish that they are insured for disability insurance benefits; are under age sixty-five; have applied for benefits; and are under a "disability" as defined by the Act. 42 U.S.C. Sec. 423(a) (1988). Determination of disability is accomplished through a five-step evaluation. 20 C.F.R. Secs. 404.1520, and 416.920 (1988). There is no dispute that Barrow had not engaged in substantial gainful activity since the alleged onset date, and that her health problems constitute a severe impairment. The Secretary found, however, that Barrow's health problems did not meet or equal the Secretary's listing of impairments at 20 C.F.R. Part 404, Subpt. P, App. 1. The Secretary found Barrow has the residual functional capacity to perform her past relevant work and, accordingly, is not disabled under the Act.
 
 
 10
 Barrow asserts that she suffers from sharp pain in her back, hips and feet. She claims that because of her medical impairments and the lifting limitations imposed upon her by Dr. Pierce, she should be restricted to light work, as defined by 20 C.F.R. Sec. 416.967(b). Since she can no longer lift patients, Barrows argues that she can not return to her former work as a nurse's aide. And, since she is of advanced age and unskilled, she argues that she is disabled under the Medical-Vocational Guidelines in 20 C.F.R. Part 404 Subp. P App. 2.
 
 
 11
 When supported by substantial evidence, the Secretary's findings of fact are conclusive and a decision denying benefits cannot be overturned. 42 U.S.C. Sec. 405(g). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Pearles, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Company v. NLRB, 305 U.S. 197, 229 (1938)). It is irrelevant that the record may also contain substantial evidence to support a conclusion different from that reached by the Secretary, or that a reviewing court might have decided the case differently. Crisp v. Secretary of Health & Human Services, 790 F.2d 450, 453 n. 4 (6th Cir.1986).
 
 
 12
 The claimant bears the burden of setting forth a prima facie case that she is disabled and cannot perform her past relevant work. Shelman v. Heckler, 821 F.2d 316, 320 (6th Cir.1987). If the claimant succeeds, then "the burden shifts to the Secretary to establish that the claimant retains the residual capacity to perform alternative substantial gainful work which exists in the national economy." Id. at 320.
 
 
 13
 Barrow claims that she has an impairment or combination of impairments that meets the exertional impairments listed under 20 C.F.R. Part 404 Subpt.P.App. 2, and therefore is disabled. However, the medical evidence in the record contains substantial evidence indicating that Barrow does not have a listed impairment or the equivalent of a listed impairment. In March 1983, Dr. R. Hines conducted a clinical evaluation and "laboratory studies ruled out a diagnosis of Cushing's Disease." J.App. at 9. Based on his evaluation of Barrow, Dr. Hines concluded that Barrow had exogenous obesity and diet controlled diabetes mellitis. Barrow testified that her diabetes is controlled through diet alone, J.App. at 22, and the medical records support this conclusion. J.App. at 81. The post-April 1983 medical evidence further supports a conclusion of non-disability.
 
 
 14
 Barrow claims that the ALJ failed to consider the medical report of Dr. Pierce, her treating physician. The portion of the medical report Barrows refers to is the section concerning her estimated lifting expectation. J.App. at 79.
 
 
 15
 The opinions of treating physicians are generally given greater weight than those held by examining physicians. Kirk v. Secretary of Health and Human Services, 667 F.2d 324, 536 (6th Cir.1981). If the treating physician's opinions are uncontradicted and are predicated on sufficient medical evidence, they are due complete deference. Harris v. Heckler, 756 F.2d 431, 435 (6th Cir.1985); Garner v. Heckler, 745 F.2d 383, 391 (6th Cir.1984). The ultimate determination of disability is the prerogative of the Secretary; medical opinions that a claimant is disabled are not binding on the Secretary. Varley v. Secretary of Health and Human Services, 820 F.2d 777, 779 n. 2 (6th Cir.1987).
 
 
 16
 A review of the record reveals that the ALJ examined Dr. Pierce's entire report and considered it in making his disability determination. It is well established that the determination of disability must be made upon the entire record and not upon selected evidence. Hardaway v. Secretary of Health and Human Services, 823 F.2d 922, 927 (6th Cir.1987). Since there was substantial evidence supporting the Secretary's decision, and since Dr. Pierce's lifting estimate is not supported by objective medical evidence, the Secretary gave appropriate weight to Dr. Pierce's report.
 
 III.
 
 17
 Barrow claims she was forced to quit her job because she could not perform certain functions due to back pain. In support of this claim, she relies upon x-ray examinations performed in 1981 which show minimal syondylolesthesis secondary to degenerative apophysical joint changes and mild thoractic spondylosis with degenerative disc changes. J.App. at 75. Also, she points to Dr. Pierce's medical report which stated that her range of motion and lifting ability are restricted.
 
 
 18
 The Social Security Disability Reform Act of 1984, 42 U.S.C. Sec. 423(d)(5)(A), articulates a new objective standard for evaluating subjective complaints of pain. Shavers v. Secretary of Health and Human Services, 839 F.2d 232, 235 (6th Cir.1987). This court in Duncan v. Secretary of Health and Human Services, 801 F.2d 847, 853 (6th Cir.1986) explained the two-step analysis required by the Reform Act for determining whether a claimant's subjective complaints of pain are credible. The Duncan court stated:
 
 
 19
 First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce such alleged disabling pain.
 
 
 20
 Id.
 
 
 21
 In this case, claimant's subjective complaints do not satisfy the Duncan standard. Barrow complained of pain in her lower back, hips and feet. Pre-April 1983 medical evidence indicate musculosketal changes of the spine and weight-bearing joints. However, there is no post-April 1983 medical evidence which confirmed the alleged severity of the back pain. Barrow alleges pain in her extremity joints. However, the profferred evidence shows a full range of motion with no joint pathology. With regard to the second Duncan prong, it is evident that Barrow failed to demonstrate a medical condition that could be reasonably expected to produce her disabling pain. While Barrow testified that she had lower back pain which radiated through her legs, there is no objective medical evidence of nerve root irritation or muscle wasting. In fact, Dr. Pierce reported that weight reduction would reduce her back problems. J.App. at 79. Because Barrow's subjective complaints of pain do not satisfy the Duncan standard, she has failed to show she cannot perform her past relevant work.
 
 IV.
 
 22
 A review of the record in this case indicates that there is substantial evidence to support the Secretary's determination. Accordingly, the denial of benefits is hereby AFFIRMED.
 
 
 
 *
 Honorable Carl B. Rubin, United States District Court for the Southern District of Ohio, sitting by designation